J-E02006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHAD LAMAR DREAKFORD | |
| Appellant | No. 365 WDA 2018 |

Appeal from the PCRA Order February 13, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000024-2016

BEFORE: BOWES, J., SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., and MURRAY, J.

DISSENTING MEMORANDUM BY STABILE, J.     **FILED FEBRUARY 09, 2021**

I respectfully dissent. The Majority concludes that Appellant's conviction under 18 Pa.C.S.A. § 4915.1 violates *ex post facto* principles because (1) Section 4915.1 requires proof that Appellant violated SORNA,[1] (2) Appellant's crime preceded the effective date of SORNA, and therefore, (3) SORNA cannot apply retroactively to him. Under our Supreme Court's analysis in ***Commonwealth v. Muniz***, 164 A.3d 1198 (Pa. 2017), proper analysis of the *ex post facto* question requires examination of whether the relevant provisions of SORNA disadvantage Appellant more than Maryland's sexual offender laws. I would remand this case to the trial court with instructions to perform this analysis.

---

[1] SORNA is an acronym for the Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10 to 9799.41 (effective Dec. 20, 2012).

On October 3, 1996, Appellant was convicted of rape in Maryland. Appellant concedes that under Maryland law, this conviction required him to register as a sex offender for life. Appellant's Brief at 5.

Effective April 22, 1996, the legislature expanded Pennsylvania's Sentencing Code to include Subchapter H, "Registration of Sexual Offenders," under which sex offenders had to register for no more than ten years. 42 Pa.C.S.A. §§ 9791-9799 (repealed). The legislature subsequently amended subchapter H several times, including the passage of SORNA in 2011. SORNA became effective in Pennsylvania on December 20, 2012, and under its provisions, many sex offenders, including rapists such as Appellant, were required to register for life.

In 2013, Appellant was convicted in Virginia for failing to register as a sex offender under the laws of that state. Subsequently, Appellant moved to Pennsylvania. In 2015, while in Pennsylvania, Appellant was charged with one count[2] of failing to comply with SORNA's requirement to "verify his address or be photographed as required under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25."[3] 18 Pa.C.S.A. § 4915.1(a)(2). Appellant pleaded guilty and ultimately was sentenced to six to twenty years' imprisonment.

---

[2] The information against Appellant originally had two counts, but one was *nolle prossed*.

[3] It is unclear whether Appellant failed to verify his address or be photographed when he initially moved into Pennsylvania, or whether he initially performed these steps but failed to update them later. Either one of these omissions constitutes a violation of Section 4915.1(a)(2).

Appellant raises a single argument: application of SORNA to his case violates *ex post facto* principles because his conviction for a sexual offense in Maryland took place in 1996, sixteen years before SORNA became effective. Appellant's Brief at 15. Citing **Muniz** and this Court's recent decision in **Commonwealth v. Santana**, —A.3d—, 2020 WL 6145155 (Pa. Super., Oct. 20, 2020) (*en banc*), the Majority agrees with Appellant. I dissented in **Santana** and, based on my interpretation of **Muniz**, dissent in this case as well.

Our Supreme Court stated in **Muniz** that two conditions are essential for a criminal or punitive law[4] to be deemed *ex post facto*: "it must be retrospective, that is, it must apply to events occurring before its enactment, **and it must disadvantage the offender affected by it**." **Id.**, 164 A.3d at 1195-96 (emphasis added).

In **Santana**, the defendant was convicted of violating 18 Pa.C.S.A. § 4915.1(a)(3), a different subsection than Section 4915.1(a)(2), the subsection to which Appellant pled guilty. Section 4915.1(a)(3) provides that a defendant who is subject to registration under SORNA commits an offense if he "knowingly fails to . . . provide accurate information when registering under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25." **Id.** This Court held *en banc* that SORNA's registration requirements are *ex post facto* punishments

---

[4] **Muniz** held that SORNA is punitive in effect even though it expressly claimed to have a civil and remedial purpose. **Id.** 164 A.3d at 1218.

for a defendant who failed to register in Pennsylvania for a pre-SORNA crime that he committed in New York.

My dissent in **Santana** pointed out that a proper approach is not just to perform the first step of the test articulated in **Muniz** (whether SORNA applies to events preceding its enactment) but to perform the second step as well (whether Section 4915.1(a)(3)'s registration requirements impose a greater disadvantage upon the defendant than New York's sexual offender law). I further wrote that proper second-step analysis of Section 4915.1(a)(3) required analysis of the provisions referenced therein, 42 Pa.C.S.A. §§ 9799.15, 9799.19 and 9799.25. I emphasized that the Majority painted with too broad a brush. At issue, like here, was only whether the convictions for violating specific provisions of SORNA registration violated *ex post facto* considerations. Resolution of that question did not require that we compare New York's and Pennsylvania's registration laws in their entirety. Rather, the second part analysis only required that we examine whether the Pennsylvania registration requirements offended by a defendant and that led to his convictions were more onerous than the registration requirements of the state under which a defendant already must register.[5] Based on my review of all of those provisions, I concluded in **Santana** that SORNA did not disadvantage

_____

[5] I believe it is appropriate only to examine whether the discrete registration violations resulting in convictions implicate *ex post facto* concerns regardless of whether other provisions of our law may be more onerous if applied to a defendant, since the various registration provisions under SORNA should be deemed severable. **See** 1 Pa.C.S.A. § 1925 ("[t]he provisions of every statute shall be deemed severable…..).

the defendant more than New York's sexual offender registration laws, and thus, there was no *ex post facto* violation. **Id.**, 2020 WL at 6145155, *13.

In the present case, as it did in **Santana**, the Majority performs the first step of the **Muniz** test but not the second. In addition, it appears from the record that the trial court did not perform the second step either. Accordingly, I would remand this case to the trial court for the comprehensive second-step analysis required under **Muniz**. I take the opportunity below to define precisely what I believe this analysis entails.

Section 4915.1(a)(2) provides that an individual who is required to register as a sexual offender in Pennsylvania commits an offense if he knowingly fails to "verify his address or be photographed as required under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25." **Id.**

SORNA is applicable to Appellant under section 9799.13(7), which provides:

§ 9799.13. Applicability.

The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:

\*\*\*

(7) A sexual offender required to register in a sexual offender registry in another jurisdiction or in a foreign country based upon a conviction for a sexually violent offense or under a sexual offender statute in the jurisdiction where the individual is convicted and:

- 5 -

(i) has a residence in this Commonwealth or is a transient;

(ii) is employed within this Commonwealth; or

(iii) is a student within this Commonwealth.

42 Pa.C.S.A. § 4799.13.

In pertinent parts, sections 4799.15, 4799.19, and 4799.25, referenced in Section 4915.1(a)(2), provide:

§ 9799.15. Period of registration.

(a) Period of registration.--Subject to subsection (c), an individual specified in section 9799.13 (relating to applicability) shall register with the Pennsylvania State Police as follows:

\*\*\*

(3) An individual convicted of a Tier III sexual offense shall register for the life of the individual.

\*\*\*

(e) Periodic in-person appearance required.--Except as provided in subsection (f) and subject to subsections (g) and (h), an individual specified in section 9799.13 shall appear in person at an approved registration site to provide or verify the information set forth in section 9799.16(b) (relating to registry) and to be photographed as follows:

\*\*\*

(3) An individual convicted of a Tier III sexual offense shall appear quarterly.

42 Pa.C.S.A. § 9799.15.

§ 9799.19. Initial registration.

(a) General rule.--An individual set forth in section 9799.13 (relating to applicability) shall initially register with the Pennsylvania State Police as set forth in this section.

\*\*\*

(i) Initial registration if convicted or adjudicated delinquent outside Commonwealth.--

(1) An individual subject to registration under section 9799.13(7), (7.1) or (7.2) shall appear in person at an approved registration site to provide the information set forth in section 9799.16(b) to the Pennsylvania State Police within three business days of establishing residence, commencing employment or commencing enrollment as a student within this Commonwealth. In addition, the individual shall comply with the other provisions of this subchapter, including section 9799.15 (relating to period of registration).

42 Pa.C.S.A. § 9799.19.

§ 9799.25. Verification by sexual offenders and Pennsylvania State Police.

(a) Periodic verification.--Except for initial registration as provided in section 9799.19 (relating to initial registration) and in accordance with section 9799.15(a) (relating to period of registration), sexual offenders shall verify the information provided in section 9799.16(b) (relating to registry) and be photographed as follows:

\*\*\*

(3) An individual convicted of a Tier III sexual offense shall appear in person at an approved registration site quarterly.

42 Pa.C.S.A. § 9799.25.

Section 9755.16(b), relating to the registration information to be provided by a sexual offender, referenced in all three of the above provisions, provides in pertinent part:

§ 9799.16. Registry.

(b) Information provided by sexual offender.--An individual specified in section 9799.13 (relating to applicability) shall provide the following information which shall be included in the registry:

(1) Primary or given name, including an alias used by the individual, nickname, pseudonym, ethnic or tribal name, regardless of the context used and any designations or monikers used for self-identification in Internet communications or postings.

(2) Designation used by the individual for purposes of routing or self-identification in Internet communications or postings.

(3) Telephone number, including cell phone number, and any other designation used by the individual for purposes of routing or self-identification in telephonic communications.

\*\*\*

(9) Name and address where the individual is employed or will be employed. In order to fulfill the requirements of this paragraph, if the individual is not employed in a fixed workplace, the individual shall provide information regarding general travel routes and general areas where the individual works.

42 Pa.C.S.A. § 9799.16(b).

Assuming for the moment Appellant is subject to SORNA's registration requirements, Appellant qualifies as a Tier III sex offender. As such, he had an initial and continuing duty to verify his address or be photographed under the above-cited provisions of SORNA, and his failure to do so on a quarterly basis constitutes a violation of Section 4915.1(a)(2).

The next step required under **Muniz**, which I would have the trial court perform, is to determine whether the above cited provisions of Sections 4799.15, 4799.19, and 4799.25 disadvantage Appellant more than Maryland's sexual offender registration laws. If they do, I would conclude that there is an *ex post facto* violation. If they do not, I would conclude that there is no *ex post facto* violation. **See Santana,** 2020 WL 6145155, \*13 (concluding, after comparison of relevant provisions of SORNA with relevant provisions of New

York sexual offender registration law, that there was no *ex post facto* violation).

Accordingly, I would remand this case for the trial court to carry out the analysis I have outlined above.